UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS JIMINEZ,

      Petitioner,

v.                                          Case No. 8:11-CV-1339-T-24EAJ
                                                     8:07-CR-382-T-24EAJ

UNITED STATES OF AMERICA,

      Respondent.

_____/

O R D E R

This cause comes on for consideration of Petitioner's
Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-133.)
Because review of "the motion and the files and records of the
case conclusively show that the [Petitioner] is entitled to no
relief," the Court will not cause notice of the motion to be
served upon the United States Attorney but shall proceed to
address the matter. See 28 U.S.C. § 2255.

By way of background, on May 8, 2008, after a jury trial,
Petitioner was convicted of various charges concerning the
manufacture and distribution of marijuana and marijuana
plants. On July 16 2008, the Court sentenced Petitioner to a
term of imprisonment of 60 months. Petitioner appealed. On
April 7, 2009, the Eleventh Circuit Court of Appeals affirmed

Petitioner's conviction and sentence.   United States v. Jiminez, 564 F.3d 1280 (11th Cir. 2009).

Petitioner filed a second appeal on October 21, 2010.  On January 5, 2011, the Eleventh Circuit found Petitioner's appeal was barred by the doctrine of res judicata and frivolous on its face.  It therefore dismissed the appeal as frivolous.  (Cr-D-130.)

On June 9, 2011, Petitioner placed in the prison mailing system the instant § 2255 motion raising various claims of ineffective assistance of counsel.

## DISCUSSION

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts.   28 U.S.C. §§ 2244(d)(1), 2255.  Unless one of the three exceptions applies as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(1).  If a criminal defendant does not file petition for writ of certiorari with the Supreme Court on direct review, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003).

As indicated above, the Eleventh Circuit affirmed Petitioner's conviction and sentence on April 7, 2009. Pursuant to Rule 13.1, Sup.Ct. R., Petitioner had ninety days thereafter, until July 6, 2009, to file a petition for writ of certiorari.   Petitioner did not do so, and, as such, his conviction became final on July 6, 2009.   Thus, he had one year from that date, until July 6, 2010, to file a § 2255 motion.   Because Petitioner did not file his motion until June 9, 2011, Petitioner's motion pursuant to § 2255 is time-barred.

The Eleventh Circuit has held that the one-year time limitation may be equitably tolled, however.   Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).   In this regard, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id.   This extraordinary remedy is typically applied sparingly. Steed v. Head, 219 F.3d 1298, 1299 (11th Cir. 2000).   The Petitioner has the burden of demonstrating the equitable tolling is warranted. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.), cert. denied, 531 U.S. 971 (2000). "In order to be entitled to the benefit of equitable tolling,

a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Dept of Corrections, 297 F.3d 1278, 1287 (11th Cir. 2002), cert. denied, 537 U.S. 1237 (2003).

There is no evidence that "extraordinary circumstances" beyond Petitioner's control made it impossible for him to file his § 2255 motion on time. Rather, it appears that, after the affirmance of his conviction and sentence, Petitioner chose to first file a second appeal rather than file a § 2255 motion. Ignorance of the law does not justify equitable tolling. Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000); Romanes v. McDonough, No. 8:05-CV-702-T-30MAP, 2008 WL 879445, at *3 (M.D. Fla. March 28, 2008).

In light of the foregoing, Petitioner's § 2255 motion is time-barred, and the Court therefore lacks jurisdiction to consider the motion.

IT IS ORDERED that:

(1)  Petitioner's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-133) is DISMISSED AS UNTIMELY.

2)  The Clerk is directed to enter judgment in favor of

the Government and CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to

a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this _29th_ day of June, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE